

July 10, 2014

**VIA ECF & OVERNIGHT MAIL**

Hon. Malachy E. Mannion
United States District Court
Middle District of Pennsylvania
William J. Nealon Federal Building &
United States Courthouse
235 N. Washington Avenue
Scranton, PA 18503

> Re:    *Brown v. Access Midstream Partners, L.P., et al.*, No. 14-cv-00591-MEM (M.D. Pa.) (the "*Brown* Action"); *The Suessenbach Family Limited Partnership, et al. v. Access Midstream Partners, L.P. et al.*, No. 14-cv-01197-MEM (M.D. Pa.) (the "*Suessenbach* Action")

Dear Judge Mannion:

We respectfully write on behalf of plaintiffs in the *Suessenbach* Action to advise the Court of plaintiffs' intention to file a motion to consolidate the *Suessenbach* Action and the related *Brown* Action under Federal Rule of Civil Procedure 42(a) and to file a motion for appointment of interim class counsel under Federal Rule of Civil Procedure 23(g) in both Actions. We also request the Court's permission to appear in person at the July 15, 2014 case management conference scheduled in the *Brown* Action.

We have advised counsel for plaintiff James L. Brown, defendant Access Midstream Partners, L.P. and defendant Chesapeake Energy Corp. of our intention to submit this letter. We also discussed the substance of our letter and intention to seek an expedited schedule for resolving interim class counsel appointment with Mr.

### *Consolidation is Appropriate*

As will be more fully set forth in our forthcoming motion, the *Suessenbach* Action and the *Brown* Action commonly assert that Access Midstream Partners, L.P. and Chesapeake

Hon. Malachy E. Mannion
July 10, 2014
Page 2

Energy Corporation (collectively, "Defendants")[1] conspired to unlawfully deprive plaintiffs of royalty payments owed under oil and natural gas extraction leases by artificially inflating deductions for marketing, gathering, and transportation of natural gas.  Both Actions assert claims on behalf of a class of Pennsylvania landowners.  The Actions also similarly allege that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and certain common-law duties.

Federal Rule of Civil Procedure 42(a) provides that when actions involve "a common question of law or fact," the Court may "join for hearing or trial any or all matters at issue in the actions; consolidate the actions;" and "issue any other orders to avoid unnecessary cost or delay."  Consolidation is designed "'to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.'"  *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (quoting *In re Prudential Secs. Inc. Ltd. P'Ships Litig.*, 158 F.R.D. 562, 571 (S.D.N.Y. 1994)).

Given the overlapping nature of the allegations, parties, and claims, it is highly likely that consolidation will streamline and simplify discovery, pretrial motions (including class certification), and administrative management, as well as generally reduce the waste, confusion, and delay that would inevitably arise from prosecuting the Actions separately.[2]  *See Gonzalez v. Corning*, 2013 U.S. Dist. LEXIS 138676, at *9 (W.D. Pa. Sept. 27, 2013) ("a court should weigh the benefits of judicial economy against the potential for new delays, expense, confusion or prejudice") (internal quotation marks and citation omitted).  Moreover, because both Actions are in their infancy, no prejudice would result from consolidation.  *See, e.g.*, *AMTRAK v. Camargo Trucking*, 2013 U.S. Dist. LEXIS 3143, at *9 (E.D. Cal. Jan. 7, 2013) ("Due to the relatively early procedural stages of both cases, no prejudice or delay would result from consolidation.").  Accordingly, the undersigned respectfully submit that consolidation of the Actions is highly appropriate and will advance the purpose of Federal Rule of Civil Procedure 42 by conserving judicial resources.  *See id.*

**_Appointment of Interim Class Counsel Would Promote the Class's Interests_**

Pursuant to Federal Rule of Civil Procedure 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a

---

[1]     The *Brown* Action also includes Domenic J. Dell'Osso, Jr., Chesapeake Energy Corporation's Executive Vice President and Chief Financial Officer, as a defendant.

[2]     While the *Suessenbach* Action asserts a longer class period than the *Brown* Action, the minor differences between the Actions do not overcome the substantial similarities that weigh heavily in favor of consolidation.  *See* FED. R. CIV. P. 42(a) (requiring only "a common question of law or fact" for consolidation); *DiCicco v. Willow Grove Bank*, 2004 U.S. Dist. LEXIS 21474, at *10 (E.D. Pa. Sept. 21, 2004) (consolidating actions where the "questions of law and fact overlap[ped] almost entirely").

Hon. Malachy E. Mannion
July 10, 2014
Page 3

class action."[3]  *See also Allen v. Stewart Title Guar. Co.*, 246 F.R.D. 218, 219 (E.D. Pa. 2007) ("The Federal Rules of Civil Procedure permit a court to designate interim counsel[.]").  The "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."  MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11 (2004); *see also In re Shop-Vac*, 2013 U.S. Dist. LEXIS 7023, at *6 ("In complex cases, appointment of interim class counsel can clarify the responsibilities of the parties prior to class certification.").  This is especially true when, as here, "there are a number of overlapping, duplicative, or competing suits" seeking the same relief.  *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11 (2004).  As such, appointment of interim class counsel under Rule 23(g) is necessary to ensure that these Actions are effectively litigated on behalf of the alleged class.  *See id.*

A joint case management plan filed in the *Brown* action on July 8, 2014 indicates that plaintiff's counsel in that action will seek an August 15, 2014 deadline for the filing of motions to appoint lead counsel.  *See Brown* Action, ECF No. 35, at 9.  We believe that in light of the importance of consolidation and the appointment of interim class counsel, an earlier deadline would better serve the expeditious and efficient facilitation of a consolidated Action.  *See* FED. R. CIV. P. 23, Advisory Committee Note to 2003 Amendments ("the selection and activity of class counsel are often critically important to the successful handling of a class action").  Accordingly, we propose the following schedule for the briefing of Rule 23(g) motions:

| Event | Deadline |
|---|---|
| Filing of Motion to Consolidate and Appoint Interim Class Counsel | July 22, 2014 |
| Filing of Opposition Brief to Competing Motions | July 29, 2014 |

---

[3]     In selecting interim class counsel, courts apply the same factors for appointing class counsel that are set forth in Rule 23(g)(1)(A).  *See, e.g., In re Shop-Vac Mktg. & Sales Practices Litig.*, 2013 U.S. Dist. LEXIS 7023, at *7-11 (M.D. Pa. Jan. 17, 2013) (Kane, J.) (applying Rule 23(g)(1)(A) in selecting interim class counsel).  The pertinent factors are: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]"  FED. R. CIV. P. 23(g)(1)(A); *see also Sheinberg v. Sorensen*, 606 F.3d 130, 133 n.1 (3d Cir. N.J. 2010) (reciting same). As will be set forth in our upcoming motion, counsel in the *Suessenbach* Action have made significant efforts in researching the claims against Defendants, have substantial experience obtaining relief in complex class actions such as the Actions here, are prepared to commit the necessary resources to ensure the best possible result for the class in this litigation, and therefore amply satisfy the factors of Rule 23(g)(1)(A).

Hon. Malachy E. Mannion
July 10, 2014
Page 4

| Filing of Reply Brief | August 5, 2014 |
|---|---|

Finally, we are aware that the Court has set a conference for July 15, 2014 in the *Brown* Action. We respectfully request the Court's permission to appear at the conference to address any questions the Court may have regarding our proposal.

Respectfully Submitted,

*/s/ Robert D. Schaub*                          */s/ Peter A. Muhic*
Robert D. Schaub (PA 42466)          Peter A. Muhic (PA 73501)
**ROSENN JENKINS &**                  **KESSLER TOPAZ**
**GREENWALD LLP**                      **MELTZER & CHECK, LLP**
15 South Franklin Street                  280 King of Prussia Road
Wilkes-Barre, PA 18711                  Radnor, PA 19087
Telephone: (570) 826-5600              Telephone: (610) 667-7706

cc (via ECF):
      All counsel on the official service lists in 14-cv-00591-MEM and 14-cv-01197-MEM