# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES L. BROWN AND ALICE R. BROWN, on behalf of themselves and all others similarly situated, | : : : : | Case No. 3:14-cv-00591-MEM |
| Plaintiffs, | : : | |
| v.<br>ACCESS MIDSTREAM PARTNERS, L.P., CHESAPEAKE ENERGY CORP., and DOMENIC J. DELL'OSSO, JR., | : : : : : | |
| Defendants. | : | |
| THE SUSSENBACK FAMILY LIMITED PARTNERSHIP, JAMES S. SUSSENBACH, and GINA M. SUSSENBACH, individually and on behalf of all others similarly situated, | : : : : : : : | Case No. 3:14-cv-01197-MEM |
| Plaintiffs, | : : | |
| v.<br>ACCESS MIDSTREAM PARTNERS, L.P., et al., | : : : | |
| Defendants. | : | |

**STATUS REPORT FILED PURSUANT TO COURT'S JULY 17, 2023 ORDERS BY DEFENDANT ACCESS MIDSTREAM PARTNERS, L.P. n/k/a THE WILLIAMS COMPANIES, INC.**

Defendant Access Midstream Partners, L.P. n/k/a The Williams Companies, Inc. ("Access") hereby provides the Court with the following status report pursuant to this Court's July 17, 2023 Orders (*Sussenbach*, ECF No. 162; *Brown*, ECF No. 210). As set forth below, Plaintiffs' request to lift the stay and enter a scheduling order is premature.

I.   **Additional Relevant Procedural History**

Plaintiffs' status report sets forth most of the long procedural history but omits key facts that impact the path and ultimate disposition of these cases.

On August, 9, 2018, the Parties asked this Court to preliminarily approve a class action settlement with Chesapeake Energy Corporation ("Chesapeake"), which also fully and completely released Plaintiffs' claims against Access (the "Non-MEC Settlement"). After Chesapeake filed bankruptcy, the parties' re-negotiated the Non-MEC Settlement. On March 5, 2021, Chesapeake filed a motion in the Bankruptcy Court for entry of an order approving the re-negotiated Non-MEC Settlement. Under the re-negotiated Non-MEC Settlement, Access was again a released party. On April 21, 2021, the Bankruptcy Court preliminarily approved the Non-MEC Settlement, which the United States District Court for the Southern District of Texas affirmed.

On June 8, 2023, the Fifth Circuit Court of Appeals reversed and vacated the settlement approval ruling that, on and after the Effective Date of Chesapeake's

bankruptcy Plan, pre-confirmation debts for deficient or improperly calculated royalties were "discharged" and "expunged." *In re Chesapeake Energy Corp.,* 70 F.4th 273 (5th Cir. 2023). The named Plaintiffs did not file proofs of claim in Chesapeake's bankruptcy and no proof of claim was filed on behalf of either class.

On July 27, 2023, Chesapeake filed a Motion for Entry of an Order (I) Enforcing the Confirmation Order and Plan Against the Reorganized Debtors; and (II) Declaring the MEC Settlement and Non-MEC Settlement Null and Void ("Bankruptcy Motion"). *In re Chesapeake Energy Corp.*, No. 20-33230 (Bankr. S.D. Tex.), ECF No. 322. In the Bankruptcy Motion, it is Chesapeake's position that legal claims seeking relief before the Effective Date of the Bankruptcy Plan [February 9, 2021] must be dismissed and that there are no legitimate claims for royalty underpayment after the Plan Effective Date because Chesapeake is paying royalty owners pursuant to royalty owner elections. As of the date hereof, the Bankruptcy Motion is pending and the time to file responses has not yet run.

**II.   The Stay Should Continue Until the Bankruptcy Motion is Resolved.**

The Bankruptcy Motion seeks an order requiring Plaintiffs to dismiss their pre-Effective Date alleged royalty and RICO claims with prejudice in light of the Fifth Circuit's ruling. Resolution of the Bankruptcy Motion will impact who the proper parties are in these cases and whether Plaintiffs have any claims that have survived. It is appropriate to continue the stay in this matter until the Bankruptcy

Motion is resolved. Therefore, Access requests that the Court continue the stay of this matter and direct the Parties' file another status report twenty-one (21) days after a ruling from the bankruptcy court on the Bankruptcy Motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 7, 2023 | By: */s/ John S. Summers* <br> Michael J. Gibbens <br> (Admitted *Pro Hac Vice*) <br> Victor E. Morgan <br> (Admitted *Pro Hac Vice*) <br> CROWE & DUNLEVY, P.C. <br> 222 N. Detroit Ave., Suite 600 <br> Tulsa, OK 74120 <br> (918) 592-9800 <br> (918) 592-9801 (Facsimile) <br> kayci.hughes@crowedunlevy.com <br> mike.gibbens@crowedunlevy.com <br> victor.morgan@crowedunlevy.com <br><br> -and- <br><br> John S. Summers, PA Bar ID #41854 <br> One Logan Square, 27th Floor <br> Philadelphia, PA 19310 <br> (215) 496-7062 <br> jsummers@hangley.com <br><br> *Attorneys for Access Midstream Partners, L.P., n/k/a The Williams Companies, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2023, that I caused the foregoing *Defendant Access Midstream Partners, L.P.'s Status Report Filed Pursuant to Court's July 17, 2023 Orders* to be filed electronically using the Court's electronic filing system, and that the filing is available to counsel for all parties for downloading and viewing from the electronic filing system.

                                             */s/John Summers*
                                             *John Summers*